UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA M.,<br><br>         Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 21-cv-01501-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>**[ECF No. 25]** |

  On August 24, 2021, Plaintiff Lisa M. ("Plaintiff") filed a complaint seeking judicial review of the denial of her applications for social security disability benefits and supplemental security income ("SSI") benefits by the Commissioner of Social Security (the "Commissioner"). (ECF No. 1.) The Commissioner filed the administrative record on May 20, 2022. (ECF No. 11.) On September 12, 2022, Plaintiff filed a merits brief. (ECF No. 19.)

  The parties filed a joint motion for voluntary remand to agency pursuant to sentence four of 42 U.S.C. § 405(g) and entry of judgment on October 6, 2022. (ECF No. 22.) On October 7, 2022, the Court granted the joint motion and remanded the matter to the Social Security Administration ("SSA") for further administrative proceedings pursuant to

sentence four of 42 U.S.C. § 405(g), and directed the Clerk of Court to enter final judgment in favor of Plaintiff.  (ECF Nos. 23, 24.)

Now before the Court is a joint motion for the award and payment of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs pursuant to 28 U.S.C. § 1920.  (ECF No. 25.)  The parties jointly ask the Court to award Plaintiff attorney fees and expenses in the amount of $4,700.00[1] under the EAJA.  (*Id.* at 1.)  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action.  (*Id.*)

A litigant is entitled to attorney's fees under the EAJA if: "(1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).  "A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)).

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854 (internal citation omitted) (citing *Schaefer*, 509 U.S. at 297).  Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity.  Therefore, a motion for attorney's fees

---

[1]  In Plaintiff's itemization of fees, the total fee was calculated to be $4,888.69.  (ECF No. 25-1.)  However, the parties negotiated a lesser amount and, in the parties' joint motion, the total fee requested was $4,700.00.  (ECF No. 25 at 1.)

filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

      Here, the Court finds that the parties' joint motion is timely, Plaintiff is the prevailing party in this action, the Commissioner has not met her burden of showing her position was substantially justified or that special circumstances make an award unjust, and the stipulated amount of fees is reasonable.[2] Accordingly, the Court **GRANTS** the parties' joint motion and **AWARDS** Plaintiff $4,700 in attorney fees and expenses pursuant to 28 U.S.C. § 2412, subject to the terms of the joint motion.

      **IT IS SO ORDERED.**

Dated: November 17, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[2] Counsel's hourly rates are in line with the Ninth Circuit's EAJA hourly rate. (ECF No. 25-1.) Plaintiff's counsel billed an hourly rate of $217.54 in 2021 and $231.49 in 2022, and their paralegal billed an hourly rate of $143. (*Id.*) The Ninth Circuit's EAJA hourly rate was $217.54 for work performed in 2021 and $231.49 for work performed in the first half of 2022. *See* Statutory Maximum Rates Under the EAJA, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Nov. 10, 2022). The paralegal rate of $143.00 is also consistent with the median hourly rate for paralegals in San Diego. *See Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (courts may approve paralegal rates at prevailing market rates); *Roland S. v. Saul*, No. 3:20-CV-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding an hourly rate of $143 for work done by a paralegal in 2020 and 2021 in the San Diego area to be reasonable based on the prevailing market rate). *See also Eryberto H. v. Kijakazi*, 20-cv-02427-JLB (S.D. Cal.), ECF No. 18 (finding an award of $4,600 in attorney's fees and expenses reasonable after parties jointly moved to remand upon Plaintiff filing a merits brief).